**UNITED STATES of America**

v.

**Carlos Martorell BLONDET.**

**Crim. No. 170–69.**

United States District Court,
D. Puerto Rico.

June 3, 1971.

Joaquín Monserrate-Matienzo, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Gerardo Ortiz-del-Rivero, Santurce, P. R., for defendant.

### ORDER

FERNANDEZ–BADILLO, District Judge.

This case was called on June 26, 1970 for hearing on a Motion by the defendant to Dismiss the indictment and plaintiff's Motion in Opposition to Defendant's Motion to Dismiss. Appearing for the plaintiff was Blas C. Herrero, former United States Attorney for this District, and for the defendant, Gerardo Ortiz del Rivero, Esq. After oral argument was heard, the Court ordered both defendant and plaintiff to file memoranda in support of their respective contentions. The case was kept at the Clerk's office awaiting the filing of briefs and was submitted to the Court for disposition during the month of May, 1971.

Statements and memoranda of attorneys for the parties having been considered, due attention having been given to the questions raised by the defendant and the counter-allegations of plaintiff, and the Court being further fully advised in the premises, defendant's Motion to Dismiss the Indictment should be and is hereby denied on the following grounds:

1. Defendant's contention that this Court lacks jurisdiction to try this case because the offenses charged for violation of Title 26, United States Code, Section 4774, as amended, are not applicable to Puerto Rico, is without merit

and groundless. In relation to this section, which deals with the Territorial Extent of the Law, we point out that the phrase " * * * and the insular possessions of the United States * * * " includes Puerto Rico. See Moreno Ríos v. United States (1958) 256 F.2d 68 as to the effect that " * * * when Congress uses the term 'territory', this may be meant to be synonymous only with 'place' or 'area', and not necessarily to indicate that Congress has in mind the niceties of language of a political scientist who might say that Puerto Rico under its commonwealth status has ceased to be an unincorporated 'territory' of the United States."

■ 2. As to the argument that this Court also lacks jurisdiction because the legislative assembly of Puerto Rico failed to approve fifty-five sections of the Federal Narcotic Law, under the expressed mandate of Section 4774, of Title 26, United States Code,[1] as alleged by the defendant, a mere reading of Section 976m of Title 24, Laws of Puerto Rico Annotated,[2] demonstrates that the contrary is the correct and current status

of the law, since section 976m expressly includes section 4726 of Title 26, United States Code, and this section, in turn, includes sections 4731, 4735, 4774 and 7237 of Title 26, United States Code.[3]

■ 3. The Court finds that defendant's contention that count one of the indictment should be dismissed because it is "in conflict and in violation of Turner v. United States [396 U.S. 398, 90 S.Ct. 642], 24 L.Ed.2nd 610," is premature since at this state of the proceedings it is not known what evidence the government has to prove or support this count.

■ 4. The Court also finds that the contention of defendant to the effect that the indictment in this case does not state facts sufficient to constitute an offense against the United States, is also without merit. Defendant bases his contention on a case decided by Chief Judge Cancio of this Court on September 17, 1969, United States v. Gutiérrez, Cr. 141–68. But this case was reversed by Chief Judge Cancio himself in a later case: United States v. Jaime San Emeterio Heredia, decided on September 21, 1970.[4]

---

1. " * * * On and after the effective date of the Narcotic Control Act of 1956, the provisions referred to in the preceding sentence shall not apply to the Commonwealth of Puerto Rico unless the Legislative Assembly of the Commonwealth of Puerto Rico expressly consents thereto in the manner prescribed in the constitution of the Commonwealth of Puerto Rico for the enactment of a law. * * * "

2. "Sections 4701 through 4707, inclusive, and 4721 through 4726, inclusive, of the United States Internal Revenue Code of 1954, as amended, shall continue in force in Puerto Rico pursuant to the consent granted to that effect by the Legislative Assembly of Puerto Rico through Joint Resolution No. 1, approved July 25, 1956."

3. See Valpais v. United States (1st Cir. 1961) 289 F.2d 607.

4. "ORDER
The defendant has moved for the dismissal of the indictment on the grounds, among others, first, that it does not allege that the person to whom the defendant allegedly sold the cocaine did not

have the required written order form, and second, that it does not allege that this person was not exempted from the order form requirement.

In the case of U. S. v. Gutiérrez Soberón, Cr. 141–68 this Court had granted a motion to dismiss based on similar grounds. This case was cited to us by defendants counsel at the oral argument on the present motion. After careful study and further enlightenment, we have concluded that our holding in Gutiérrez is incorrect.

First of all, an indictment need not obviate the exceptions to the crime. Moreover, if, as the Government argues, the person to whom the narcotic drug is allegedly sold is exempted from having a written order form, then it would follow that to sell narcotics to such a person would not be unlawful under Section 4705(a). However, there is no such exemption. The Government has cited subsection (c) (4) as authority for the proposition that law-enforcement agents generally are exempt from the order form requirement, when acting in their official duties. But that is not what the statute says. The only people exempt under sub-

For the above reasons it is further ordered that this case be called for arraignment on June 10, 1971 at 2:00 P.M. and that the Clerk of the Court set the case for trial at the earliest possible date available in the Court's calendar.

section (c) (4) are officers of any of the levels of government listed therein, who are engaged in buying narcotics for the Army, Navy, or Public Health Service, or for hospitals or prisons run by the various levels of government. This is not the case here, and luckily so for the Government, for if it were otherwise, then as we have said, there would be no violation of 4705(a).

As to defendant's allegation of insufficiency of the indictment on the ground that it does not add the words 'of the person to whom such article is sold . .' after 'written order,' we note that the phrase 'in pursuance of' such an order must mean 'as a reaction to,' or 'in response to' such an order; thus, it must mean that the sale is *to* somebody other than the defendant, and that person, who is the opposite part in the transaction, must necessarily be a purchaser, that is, 'the person to whom such article is sold.' The Motion to dismiss is denied."